UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GALBRAITH & PAUL, INC.,

Plaintiff,

v.

SIXCRISPDAYS, INC., GROUPON, INC., and IDEELI, INC.,

Defendants.

Civil Action No.

(JURY DEMANDED)

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Galbraith & Paul, Inc., by its attorneys, for its Complaint against Sixcrispdays, Inc., Groupon, Inc., and Ideeli, Inc., alleges as follows:

## SUMMARY OF ACTION

1. Plaintiff Galbraith & Paul, Inc., ("Galbraith & Paul") has valid, registered copyright rights in its well-known "Fern" design for fabric.

2. Defendants Sixcrispdays, Inc. ("Sixcrispdays"), Groupon, Inc. ("Groupon"), and Ideeli, Inc. ("Ideeli"), have manufactured, caused the manufacture of, distributed, displayed, offered for sale and/or sold, without permission and for their own benefit, unauthorized reproductions of Plaintiff's Fern design. Defendants' intentional violations of Galbraith & Paul's copyright rights require an imposition of copyright damages and an injunction against such continued violations.

## JURISDICTION AND VENUE

3. This complaint alleges causes of action for copyright infringement under the Copyright Laws of the United States, 17 U.S.C. §101 et seq.

4. The Court has subject matter jurisdiction over the United States copyright claims

in this action pursuant to 28 U.S.C. §1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(d), and §1400(a)-(b).

## PARTIES

6. Plaintiff Galbraith & Paul is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with an address of 116 Shurs Lane, Philadelphia, PA 19127.

7. Galbraith & Paul is a well-known designer and manufacturer of original textile products, and its products are sold throughout the United States and the world. Galbraith & Paul conducts a significant amount of its business in this judicial district. Further, this District is highly regarded as a center of the fabric design and interior design industries.

8. Upon information and belief, Defendant Sixcrispdays is a corporation organized and existing under the laws of the State of California, has a principal place of business at 1015 S. Crocker St., Suite R03, Los Angeles, CA 90021, and is engaged in the retail clothing business, including the sale of clothing generally into the United States and specifically into this judicial district.

9. Upon information and belief, Defendant Groupon is a corporation organized and existing under the laws of the State of Delaware, has a principal place of business at 600 W. Chicago Ave, Suite 400, Chicago, IL 60654, and is engaged in the business of online retail sales, including the sale of clothing, generally into the United States and specifically into this judicial district.

10. Upon information and belief, Defendant Ideeli is a corporation organized and existing under the laws of the State of Delaware, has a principal place of business at 620 8th Avenue, Floor 45, New York, NY 10018, and is engaged in the business of online retail sales, including the sale of clothing, generally into the United States and

specifically into this judicial district.

11. Upon information and belief, Defendants conduct business and operate within this judicial district, including offering and selling their goods and services within the judicial district.

**COUNT I**
**(United States Copyright Infringement By All Defendants)**

12. Plaintiff realleges Paragraphs 1 through 11 as if fully set forth herein.

13. This cause of action arises under the Copyright Laws of the United States, Title 17 U.S.C. § 101 et seq.

14. Galbraith & Paul is well known and highly regarded in the design field for its design exclusivity; Galbraith & Paul's fabrics are not available in the mass-market and are purchased primarily through design showrooms. Galbraith & Paul's customer base know that its original designs are exclusive to Galbraith & Paul and would not be depicted on mass-produced, non-exclusive products.

15. One of Galbraith & Paul's popular and publicized designs is its Fern design. The Galbraith & Paul Fern design is wholly original and is copyrightable under the Copyright Laws of the United States, 17 U.S.C. §101 et seq.

16. Galbraith & Paul has previously duly complied with the provisions of the Copyright Laws of the United States, and has secured rights and privileges in and to the Fern design, and has obtained from the Register of the Copyrights a Certificate of Registration pertaining to said design, identified as "Fern", Copyright Registration No. VA 1-669-022, and registered on March 6, 2009. A copy of this Certificate of Copyright Registration is attached hereto as **Exhibit A**. In addition, a copy of Plaintiff's Fern design is attached hereto as **Exhibit B**.

17. Plaintiff's Fern design is well known in the marketplace and has been sold since 2009. The design is sold by Galbraith & Paul on various fabric applications, and as

shown in **Exhibit C**, the fabric design has been used to cover a variety of products, such as rugs, curtains and chairs. The Fern design has been on display at high-end and specialty retailer showrooms to the trade throughout the United States and internationally.

18. The Galbraith & Paul Fern design has also been displayed on Plaintiff's website, www.galbraithandpaul.com since 2009. Further, the Galbraith & Paul Fern fabric has been shown in numerous "shelter" magazines, which invariably identify Galbraith & Paul as the source of the fabric. These "shelter" magazines are distributed throughout the United States and internationally.

19. All copies of the Galbraith & Paul Fern design have been sold and/or used in conformity with the provisions of the Copyright Laws of the United States.

20. Defendants have infringed Plaintiff's copyright rights by providing, advertising, displaying, causing the manufacture of, importing, and selling reproductions of the Galbraith & Paul Fern design, in violation of Plaintiff's rights under 17 U.S.C. § 106(1) and § 106(3).

21. Defendant Sixcrispdays produced clothing items made of fabric bearing Plaintiff' Fern design without authorization from Galbraith & Paul.

22. On information and belief, Defendant Sixcrispdays negligently failed to conduct due diligence as to the true ownership of the Fern design, prior to the time it reproduced said clothing items.

23. On information and belief, Defendant Sixcrispdays sold said clothing items to Defendants Groupon and Ideeli.

24. On information and belief, Defendants Groupon and Ideeli marketed and sold said clothing items throughout the United States.

25. A photograph of an infringing clothing item manufactured and/or sold by Defendants is attached hereto as **Exhibit D**.

26. Said clothing items made by Defendant Sixcrispdays and sold to Defendants Groupon and Ideeli, which used unauthorized reproductions of the Fern design, were widely viewed on the Internet and on television by consumers and members of the fashion and clothing trades, including consumers and persons in said trades throughout the United States.

27. Specifically, the infringing clothing item was worn by professional dancer and celebrity Allison Holker during an interview and dance routine on the Monday, September 28, 2015 episode of The Ellen DeGeneres Show. A screenshot of this episode featuring the infringing clothing item is attached as **Exhibit E**.

28. Defendants' activities have caused harm to Plaintiff, and Defendants have profited from the foregoing acts of infringement. As a result of Defendants' wrongful activities, unauthorized copies of the Fern design were seen on the internet and on television without credit to Galbraith & Paul, undermining Galbraith & Paul's design exclusivity, and causing Galbraith & Paul's customers to believe that Galbraith & Paul had entered the ready-to-wear clothing market.

29. All of the acts of Defendants as set forth in the preceding paragraphs were undertaken without the permission, license, or consent of Galbraith & Paul, and are irreparably damaging to Galbraith & Paul and its reputation for design exclusivity.

## DAMAGES

30. Plaintiff has been damaged by the acts of the Defendants in an amount as yet unknown, but Plaintiff demands the maximum monetary damages available under U.S. copyright law in an amount of at least $250,000.

WHEREFORE, Plaintiff demands:

A. That Defendants, their agents, servants, related companies, and all parties in privity with them, or any one of them, be enjoined preliminarily and permanently from

infringing Plaintiff's copyright rights in the Fern design by: manufacturing, causing the manufacture of, displaying, distributing, selling, importing, promoting and/or advertising the fabrics at issue, and any other products that are substantially similar to Plaintiff's Fern design;

B. That Defendants be required to deliver up to be impounded during the pendency of this action all products bearing infringement of Plaintiff's copyrighted Fern design;

C. That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' infringement, and to account for all gains, profits and advantages derived by Defendants from said infringement, and that such award for damages be trebled due to the willful and wanton nature thereof;

D. That Defendants each be responsible for enhanced statutory damages due to the willful nature of their infringement;

E. That Defendants pay Plaintiff for its costs of this action and for Plaintiff's reasonable attorneys' fees, as the Court may allow Plaintiff; and

F. That Plaintiff be granted such other and further relief as the Court may deem just.

## JURY DEMAND

Plaintiff demands a trial by jury.

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiff
270 Madison Avenue, 8th Floor
New York, New York 10016-0601
(212) 684-3900

By: /MPM
George Gottlieb (GG 5761)
Michael Nesheiwat (MN 0453)

Dated: New York, New York
January 8, 2016